FILED
JUL 1 7 2026
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DL DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **IN THE MATTER OF THE CRIMINAL COMPLAINT AND ARREST WARRANT FOR SHANA MORGAN PENDLETON** | **Case No.** 1:26-mj-01857-CJC |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Grace Meyer, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, deposed and state as follows:

## PURPOSE OF THE AFFIDAVIT

1. I make this affidavit in support of an application for a criminal complaint and arrest warrant charging **SHANA MORGAN PENDLETON** ("**PENDLETON**") with 18 U.S.C. § 1204 (International Parental Kidnapping) (the "**TARGET OFFENSE**"). Based on the facts set forth in this affidavit, there is probable cause to believe that **PENDLETON** has committed the **TARGET OFFENSE**.

## AGENT BACKGROUND

2. I am a Special Agent of the FBI and have been so employed since February 2023. As such, I am an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code. I am currently assigned to the FBI Child Exploitation and Human Trafficking Task Force in Baltimore, Maryland. I have duties that include investigations of federal violations concerning child pornography, the sexual exploitation of children, and international parental kidnapping. I have participated in the execution of multiple search warrants, which have resulted in the seizure of computers, cell phones, electronic media, and other items evidence violations of federal laws. I have also participated in the execution of search warrants for online accounts, such as email accounts, online storage accounts, and other online communication accounts related to child

exploitation, child pornography, and/or international parental kidnapping.

## AFFIDAVIT

3. The statements in this affidavit are based in part on information and reports provided by the FBI and other agencies and law enforcement officers, and on my experience and background as a Special Agent of the FBI. Since this affidavit is being submitted for the limited purpose of securing search warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violation of the **TARGET OFFENSE**.

4. Unless otherwise stated, the conclusions and beliefs I express in this affidavit are based on my training, experience, and knowledge of the investigation, and reasonable inferences I have drawn from my training, experience, and knowledge of the investigation.

5. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, that statement is described in substance and is not intended to be a verbatim recitation of such statement. Wherever in this affidavit I quote statements, those quotations have been taken from draft transcripts, which are subject to further revision.

## PROBABLE CAUSE

6. On or about July 13, 2026, I was notified by the United States Marshals Service that **PENDLETON** was being investigated by the Baltimore City Police Department ("BPD") for knowingly taking her 1-year-old daughter (hereafter "Minor Victim") outside of Maryland with the intent to deprive Minor Victim's father, the lawful custodian of Minor Victim, of his custodial rights. Further, BPD had concerns that **PENDLETON** took the child outside of the United States. **PENDLETON** is a resident of Baltimore, Maryland. Both **PENDLETON** and

Minor Victim are citizens of the United States.

7. On or about July 13, 2026, FBI personnel conducted a query of United States Customs and Border Protection (CBP) records, which revealed **PENDLETON** and Minor Victim were onboard an American Airlines flight which departed from Miami International Airport and arrived into the José María Córdova International Airport in Medellin, Colombia, on or about June 11, 2026. Both **PENDLETON** and Minor Victim have current United States Passports.

8. On or about July 13, 2026, I conducted a telephonic interview of Minor Victim's father. During the interview, Minor Victim's father provided me with the following information:

a. Minor Victim's father has had sole physical and legal custody of Minor Victim since April 2026, pursuant to a court order from the Howard County Circuit Court. This court order granted **PENDLETON** with supervised visitation rights. **PENDLETON** was not authorized to have any unsupervised visitation with Minor Victim.

b. On or about June 7, 2026, at approximately 3:00 pm, Minor Victim's father dropped Minor Victim off with who he believed was a court-approved supervisor outside a predetermined location in Baltimore, Maryland, for Minor Victim 's visitation with her mother. Minor Victim's father handed Minor Victim to the supervisor, as was routine during these scheduled supervised visitations, and left. The supervisor brought Minor Victim inside to **PENDLETON** for the visitation. At approximately 4:30 pm, Minor Victim's father returned to the predetermined location in Baltimore, Maryland, to pick up Minor Victim. However, neither the supervisor nor **PENDLETON** were present. Minor Victim's father tried contacting both the supervisor and **PENDLETON**, but neither responded.

c. Minor Victim's father notified BPD officers who were near the

predetermined location in Baltimore, Maryland, about the disappearance of **PENDLETON** and Minor Victim. BPD officers telephonically contacted **PENDLETON**, who initially denied knowing where Minor Victim was. When BPD officers advised **PENDLETON** they had video footage of her with Minor Victim from the predetermined location, **PENDLETON** admitted to taking Minor Victim. **PENDLETON** engaged in a video call with the BPD officers and Minor Victim 's father to show that Minor Victim was safe. The BPD officers instructed **PENDLETON** to return with Minor Victim, but **PENDLETON** stated she would not come back for a few weeks.

d. Shortly thereafter, Minor Victim's father requested an emergency hearing in the Howard County Circuit Court. An emergency custody order once again granting him sole physical and legal custody was issued. BPD then filed criminal charges against **PENDLETON** for taking Minor Victim.

9. On or about July 13, 2026, the Howard County Police Department provided me with the emergency custody order, which was issued by the Honorable Stephanie Porter, Circuit Court Judge for Howard County on or about June 12, 2026. This custody order granted Minor Victim's father sole legal and primary physical custody of Minor Victim; required **PENDLETON** to immediately return Minor Victim to Minor Victim's father; and directed law enforcement to take any action reasonably necessary to locate Minor Victim and obtain her return, among other things.

10. On or about July 14, 2026, Minor Victim's father provided me with the original custody order that granted him sole legal and primary physical custody of Minor Victim. This order was a consent order to which both **PENDLETON** and Minor Victim's father agreed freely and voluntarily on or about April 22, 2026. The order was signed on or about April 24, 2026, by

the Honorable Steven Salant, Circuit Court Judge (retired), sitting for Howard County. This order, among other things, granted Minor Victim's father primary physical custody of Minor Victim; required **PENDLETON** to complete a psychological evaluation; permitted no contact between Minor Victim's father and **PENDLETON** except through a court-approved application; permitted **PENDLETON** to have weekly supervised visitation with Minor Victim; and required **PENDLETON** and Minor Victim's father to give the other 90 days written notice if either of them planned to relocate out of United States or the State of Maryland.

11. On or about July 14, 2026, I spoke with BPD personnel, who advised that BPD charged **PENDLETON** with taking Minor Victim out of Maryland as a relative with the intent to deprive Minor Victim's lawful custodian of his custodial rights. BPD personnel provided me with the Statement of Charges, which included the following information:

a. A BPD officer who responded to the predetermined location for the supervised visitation following the report of Minor Victim's father obtained surveillance footage from the predetermined location. This footage captured **PENDLETON** and Minor Victim entering the bathroom with the supervisor. No other footage was observed. The BPD officer called **PENDLETON**, who told the BPD officer that Minor Victim was safe with her and that they were on their way to Delaware.

b. BPD attempted to locate **PENDLETON** and Minor Victim at their residence in Baltimore, Maryland, but were unsuccessful.

c. A BPD detective called **PENDLETON** again in an attempt to locate **PENDLETON** and Minor Victim. **PENDLETON** advised that Minor Victim's father's paperwork was not valid and that he was a pathological liar. **PENDLETON** advised that Minor Victim's father handed the child directly to her. Upon being asked if the transfer happened

directly or through third party supervisor, **PENDLETON** advised it happened directly. After being advised that there was CCTV footage of the incident, **PENDLETON** clarified that there was a third-party supervisor present during the transfer. The BPD detective asked **PENDLETON** multiple times where her current location was for purposes of a welfare check. **PENDLETON** advised she was in Delaware but would not provide an exact address. **PENDLETON** was advised that she could be criminally charged. **PENDLETON** stated she would return the child to her residence in Baltimore, Maryland, by the following morning.

d. On or about June 15, 2026, law enforcement personnel went to **PENDLETON**'s residence in Baltimore, Maryland, in an attempt to locate Minor Victim. Neither Minor Victim nor **PENDLETON** were located there. Law enforcement personnel attempted to call **PENDLETON**, but her number was disconnected.

12. On or about July 15, 2026, CBP advised the FBI that **PENDLETON** and Minor Victim flew to Colombia with one-way tickets. Further, no return flights for **PENDLETON** and Minor Victim could be located.

13. As of July 16, 2026, **PENDLETON** has not returned to the United States with Minor Victim. Minor Victim's father has not seen Minor Victim since June 7, 2026, the day he dropped Minor Victim off for her supervised visitation with **PENDLETON** in Baltimore, Maryland.

## AUTHORIZATION REQUEST

14. Based on the information provided above, I submit there is probable cause to believe **PENDLETON** has committed a violation of 18 U.S.C. § 1204 (International Parental Kidnapping). Specifically, there is probable cause to believe **PENDLETON** removed Minor Victim from the United States, and has retained Minor Victim outside of the United States, with

the intent to obstruct the lawful exercise of Minor Victim's father's parental rights. Accordingly, I request that a criminal complaint and arrest warrant be issued.

Grace E. Meyer
Special Agent Grace Meyer
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this 16th day of July 2026.

Chelsea J. C
HONORABLE CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE